UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFINY J. BOLLA,

        Plaintiff,

                                        Case No. 11-CV-11008

vs.                                    HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

ORDER ACCEPTING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 16]

Plaintiff Tiffiny Bolla applied for disability insurance (DIB) on February 25, 2005, and supplemental security income (SSI) on October 27, 2005, alleging she became unable to work on July 14, 2003 due to multiple sclerosis (MS). The Commissioner denied benefits on February 23, 2006. Plaintiff then requested a hearing before an ALJ, who determined that plaintiff was not disabled in a decision dated February 4, 2009. The Appeals Council declined to review this decision, which became a final decision of the Commissioner on January 14, 2011.

Plaintiff filed suit in this court on March 14, 2011. Both parties filed motions for summary judgment which were referred to the magistrate judge for report and recommendation. On February 3, 2012, the magistrate judge issued a report and recommendation recommending that plaintiff's motion for summary judgment be granted and defendant's motion for summary judgment be denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the magistrate judge recommends that the decision of the Commissioner be remanded for a new hearing. Objections to that report

have been filed by both parties within the established time period.  The court has reviewed the file, record, and magistrate judge's report and recommendation.  The court accepts the report and recommendation, and orders that the matter be remanded for a new hearing before the ALJ.

The basis for the magistrate's recommendation to remand the matter is that the ALJ erred by not setting forth his reasoning as to why plaintiff failed to "meet" or "medically equal" additional listed impairments at step three.  The ALJ recognized plaintiff's multiple sclerosis as a "severe impairment" at step two of the analysis. However, as the magistrate judge points out in his report, the ALJ then failed to analyze whether plaintiff's MS met or medically equaled Listing 11.09.  In summary fashion, the ALJ concluded that plaintiff "has the severe impairments listed above [MS and depression], the impairments, or combination of impairments, do not meet or medically equal the specific criteria of 1.00 Musculoskeletal Symptoms, 11.00 Neurological, 12.00 Mental Disorders . . . ."  (Tr. 31).  The ALJ did consider 12.04 Affective Disorders, but did not discuss any other Listing in detail, as required.  This prevents meaningful judicial review.

Defendant objects that plaintiff did not specifically argue that the ALJ made a procedural error by failing to adequately articulate findings at step three.  Therefore, defendant contends that any argument about articulation is waived.  This court disagrees with defendant's waiver argument.  The clear gist of plaintiff's motion for summary judgment was that the ALJ failed to "consider and evaluate" plaintiff's MS "in accordance with the Rules and Regulations".  Plaintiff proceeded to point out evidence in her medical record that supports the Multiple Sclerosis Listing, a Listing that was not

specifically considered as a listed impairment by the ALJ. Plaintiff further complains that the ALJ conducted a brief hearing without making relevant inquiries into plaintiff's treatment or medications. Finally, plaintiff points out that the ALJ observed plaintiff's credibility, but did not put any observations into the decision.

The magistrate judge concluded that the ALJ failed to analyze whether plaintiff's MS met or medically equaled Listing 11.09. This court agrees with the magistrate's assessment that no evaluation of the evidence presented by plaintiff was conducted by the ALJ.

Regarding defendant's argument that plaintiff did not request remand until she filed her reply brief, the court finds that plaintiff clearly argued for remand as an alternative to summary judgment in her initial motion.

Accordingly,

IT IS HEREBY ORDERED that the magistrate's report and recommendation is accepted and adopted as the reasoning of this court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is GRANTED and defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that this matter is REMANDED for a new hearing consistent with this order.

Dated: March 15, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 15, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk